

FILED BY_____ D.C.

DEC 19 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. PIERCE DIVISION

ALISA MARIE LYNCH, and )
PETER JAMES LYNCH, )
                Plaintiffs, )    Case No: 2:22-cv-14338-AMC
   v. )
                        ) )    COMPLAINT FOR
                        ) )    DAMAGES AND
                        ) )    DECLARATORY JUDGMENT
TANISHA BAILEY-ROKA, in her )
official capacity as Virgin Islands )
Chief Disciplinary Counsel, and in )
her Individual Capacity, and )
MICHAEL DAVID HOLZKNECHT, )
in his former, official capacity as )
Virgin Islands Special Designated )
Disciplinary Counsel, and in his )
Individual Capacity, and )
LEE JEANNETTE ROHN, and )
LEE J. ROHN & ASSOCIATES,    LLC, )
                 Defendants. )    JURY TRIAL DEMANDED

## EMERGENCY MOTION TO EXTEND TIME FOR SERVICE ON DEFENDANT MICHAEL DAVID HOLZKNECHT BY NINETEEN (19) DAYS

COME NOW the Plaintiffs Alisa Marie Lynch, *pro se*, and Peter J. Lynch, *pro se*, and respectfully request that this Honorable Court grant them a nineteen (19) day extension of time in which to serve process on Defendant Michael David Holzknecht (in his individual and former, official capacities), and say:

### Summary

On December 1, 2022, this Court issued an Order, setting a deadline of December 27, 2022, for Plaintiffs to perfect service or show cause why their Second Amended Verified Complaint should not be dismissed as to Mr. Holzknecht **[ECF 18]**.

At the time it issued the foregoing Order, this Court had not been made aware of the following:  false, affirmative representations to the Plaintiffs, by Defendant Michael David

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

<u>Page 2 of 8</u>

Holzknecht ("Mr. Holzknecht") and his putative counsel which caused Plaintiffs' diligent efforts to serve Mr. Holzknecht to be interrupted from November 2, 2022, until November 21, 2022, a period of nineteen (19) days.

The Court should consider the foregoing to represent good cause, or circumstances short of good cause, which would permit the Court, in its discretion, to extend the time for service.

<b>Brief Narrative of Salient Events</b>

As indicated in her Affirmation of Non-Service [ECF 16, pp 10-11], Missouri process server Dena Carver traveled to Hermitage, MO and Pittsburg, MO on September 29-30, 2022 to attempt service on Mr. Holzknecht.   On September 30, 2022, Ms. Carver reached Mr. Holzknecht by phone, and offered to deliver the summons and complaint to him, but Mr. Holzknecht refused. [ECF 16, p. 11, ¶ 4][ECF 24, ¶ 5].

Missouri process server Debbie Giberson also reached Mr. Holzknecht by telephone, on November 1, 2022, and offered to deliver to him the Summons and Second Amended Verified Complaint.   Mr. Holzknecht informed Ms. Giberson that he was represented by an attorney, and discouraged her from "driv[ing] way out in the middle of nowhere" to his house.   **Exhibit A** email and service notes.

Mr. Holzknecht admitted he was aware of the "Second Amended Petition."   **Exhibit A** service notes.

On November 2, 2022, in a text message to Ms. Giberson from his telephone, Mr. Holzknecht requested Ms. Giberson's email so he could forward her a copy of the email from his attorney.   After Ms. Giberson complied, Mr. Holzknecht emailed her from his customarily used email of holzknecht@windstream.net, which email Ms. Giberson forwarded to Plaintiff Pete

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

Lynch.  Mr. Holzknecht wrote, in pertinent part, "… the pro se plaintiffs have been instructed NOT to serve me personally.  Rather, my counsel will waive personal service once the pro se plaintiffs send him the forms. …" **Exhibit A**.

Mr. Holzknecht's verbal, text, and emailed representations convinced Ms. Giberson to cease attempts to serve him.

After business hours on November 1, 2022, Marc Tepper emailed the Plaintiffs, identified himself as "authorized as counsel for Tanisha Bailey-Roka and Michael Holzknecht to accept service of the Second Amended Verified Complaint … .  Please do not serve Tanisha Bailey-Roka or Michael Holzknecht personally and email to me the waiver of service forms.  I will complete the waiver of service forms and promptly return them to you by email." **Exhibit B**.

Plaintiffs relied on the emailed representations of Mr. Holzknecht and his putative counsel asking Plaintiffs to forego personal service on Mr. Holzknecht, and promising that they would promptly waiver service in writing.   For a nineteen (19) day period of time, from November 2, 2022 until November 21, 2022, Plaintiffs refrained from causing process servers to attempt personal service on Mr. Holzknecht.

On November 3, 2022, Plaintiffs emailed a waiver of service form to Mr. Holzknecht's putative counsel.  However, rather than "complete the waiver of service forms and promptly return them … by email," as they had promised, on November 4, 2022, putative counsel Marc Tepper and his associate Alexandra Dragovich instead insisted on changes to the language contained in the waiver form, before they would agree to authorize Plaintiffs to file it.

On November 5, 2022, Plaintiffs accommodated Mr. Holzknecht's putative counsel by emailing them an amended waiver of service form, containing the requested language changes.

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

Page 4 of 8

However, rather than "complete the waiver of service forms and promptly return them … by email," on November 8, 2022, putative counsel Marc Tepper and his associate Alexandra Dragovich instead insisted on additional changes to the language contained in the waiver form before they would approve of its filing.

Plaintiffs responded to Mr. Tepper and Ms. Dragovich by email that no further changes to the waiver of service form were necessary or forthcoming, and waited for a response. Plaintiffs did not receive an executed waiver of service approved for their filing.

Recognizing the falsity of the representations of Mr. Holzknecht's and his putative counsel that they would waive service, and the futility of acceding to continuing, unnecessary additional amendments to the waiver of service form, Plaintiffs resumed personal service attempts to serve Mr. Holzknecht on November 21, 2022.

Plaintiffs sent a third process server, Darin McNeely, who resumed attempts to serve on Mr. Holzknecht on November 21, 2022, and made attempts until November 25, 2022, without success. Plaintiffs received only an emailed copy of an Affidavit of Non-Service from Mr. McNeely. **Exhibit C**.

Of note, immediately after the resumption of efforts to serve Mr. Holzknecht, on November 22, 2022, Ms. Dragovich emailed Plaintiff Pete Lynch, reiterating that the waiver of service was "subject to" the inclusion of additional language in the waiver of service form. **Exhibit D**.

As a result of the false representations to Plaintiffs of Mr. Holzknecht and his putative counsel that they would promptly waive service on behalf of Mr. Holzknecht once Plaintiffs provided a waiver of service form, Plaintiffs were deceived into foregoing nineteen (19) days of opportunity to effect service on Mr. Holzknecht, from November 2, 2022 to November 21, 2022.

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

Page 5 of 8

Registered mail sent from Plaintiffs on October 24, 2022 to Mr. Holzknecht, with return receipt, containing copies of the summons and pleadings, was returned to Plaintiffs on November 5, 2022, marked "REFUSED," from Mr. Holzknecht's current address at 22336 Hill St., Pittsburg, Missouri, as reflected in online, official records which Mr. Holzknecht himself apparently provided to the Missouri Secretary of State and the Missouri Bar.  **Exhibits E, F,** and **G.**

Tellingly, tracked, registered mail sent from Plaintiffs on December 6, 2022, without return receipt, containing the summonses, pleadings, and a waiver of service form, was delivered on December 10, 2022, by the postal service without incident to Mr. Holzknecht's identical 22336 Hill St., Pittsburg, Missouri address.

On December 17, 2022, Mr. Holzknecht's purported counsel Alexandra Dragovich emailed Plaintiffs, maintaining her insistence that alterations to the wording contained in the waiver of service form were required before a waiver of service would be returned.  **Exhibit H.**

Brad Votaw, the current Missouri process server hired by Plaintiffs, has verbally reported to Plaintiffs that, at this point, Mr. Hozknecht is not answering his telephone.  [ECF 24, ¶ 8].

Additional diligent efforts by Plaintiffs to locate Mr. Holzknecht have revealed that Mr. Hozknecht owns numerous parcels of real estate in Missouri other than his self-reported address to the Missouri Secretary of State and the Missouri Bar.  [ECF 24, ¶ 16].

**Analysis**

"The Eleventh Circuit has noted . . . that good cause exists to extend the time for service "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'Rs*, 476 F.3d 1277, 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). Even absent a showing of good

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

Page 6 of 8

cause, however, the Court still retains the power, in its discretion, to extend the time for service of process. Id. at 1282 (*Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005))."   "… [W]here the defendant evades service or hides a problem with attempted service, the Advisory Committee Note to Rule 4(m) suggests that an extension might be appropriate. *Lepone-Dempsey* at 1282 (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments)." *Bilal v. GEO Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020).

Defendant and his purported counsel's affirmative misrepresentations to Plaintiffs were deliberate and not accidental or inadvertent, and constitute the kind of "outside factor[,] such as reliance on faulty advice," which the Eleventh Circuit has found to support a finding of good cause. Based on the totality of circumstances, the Court could conclude that, via an elaborate ruse promising to waive service, but then failing to do so, and by his refusal to accommodate process servers who contacted him and offered to serve him papers, Mr. Holzknecht is evading service. This Court would be justified in concluding that sufficient good cause exists to award Plaintiffs nineteen (19) additional days to perfect service on Mr. Holzknecht.

Even if the Court concludes that the circumstances fall short of good cause, Eleventh Circuit precedent in *Van Winkle*, *supra*, acknowledges this Court's "power, in its discretion, to extend the time for service."   In this case, equity demands the extension Plaintiffs request, because Plaintiffs' good faith reliance on the representations of attorneys, including Mr. Holzknecht and his purported counsel, which turned out to be deliberate misrepresentations, caused the nineteen (19) day interruption in time to Plaintiffs' diligent service attempts.

Under the circumstances, it would be unfairly prejudicial for Plaintiffs to be deprived of nineteen (19) days of opportunity to perfect service on him.  In the Court's discretion, Plaintiffs

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

Page 7 of 8

should receive an extension of time of nineteen (19) days, beyond the initial ninety (90) days limit

set by Fed. R. Civ. 4(m), to perfect service on Mr. Holzknecht by January 15, 2023.

If the current state of affairs is left undisturbed, Mr. Holzknecht will improperly benefit

from his deceit, in the form of false assurances that he was represented by counsel who would

promptly waive service, depriving Plaintiffs of nineteen (19) days of service opportunity.   If the

action is dismissed, Plaintiffs will incur additional costs to refile.

As no other Defendant has so much as entered an appearance, no conceivable prejudice

would result if the Plaintiffs' requested extension of time were granted.   The Court should consider

Mr. Holzknecht's refusal to make himself available for personal service upon offers to serve

process by multipe servers, his lack of presence at his self-professed address approaching ninety

(90) days, and his recent failure to answer his telephone used until recently for routing

communications, all weigh in favor of a finding that Mr. Holzknecht is hiding, and concealing his

whereabouts, in order to evade personal serevice.

Contemporaneously with the instant motion, Plaintiffs intend to file a Motion to further

Amend their pleadings, in order to add the prerequisite allegation that Mr. Holzknecht is

concealing his whereabouts, in preparation for effectuating substituted service, pursuant to Fla.

Stat. 48.161 and 48.181.

WHEREFORE Plaintiffs Peter James Lynch and Alisa Marie Lynch respectfully request

that this Honorable Court Grant their Motion, and extend the deadline to serve Mr. Holzknecht

until January 15, 2023.

December 19, 2022                                        Respectfully submitted,

*Lynch et al. v. Bailey-Roka et al.*
2:22-cv-14338-AMC
Emergency Motion for Extension of Time for Service

Page 8 of 8

_____
Alisa M.. Lynch, *pro se*

_____
Peter J. Lynch, *pro se*

3715 McBroom Street
Sebastian, FL 32976
(340) 201-5955
pete@flaglawvi.com
alisareich12@gmail.com

Exhibit A

**Debbie Giberson** <debbiegiberson@msn.com>

Mon 11/7/2022 3:13 PM

To: peterjameslynch@msn.com

Holzknecht Service Notes.pdf
110 KB

Holzknecht Invoice.doc
156 KB

2 attachments (266 KB)   Save all to OneDrive   Download all

Start reply with:   Received, thank you.   Thank you. I appreciate it.   Great, thank you so much!

Hello Mr. Lynch,

Attached are my service notes and Invoice in regard to the Holzknecht service. I appreciate you contacting me.  Please keep me in mind for anything you might need in the future.  I will also put it in the mail today.

Thank you,

Debbie Giberson
Court Process Server
State of Missouri
Polk, Dallas, Hickory Counties

# SERVICE NOTES

**CASE NO.: 2:22-cv-14338-AMC**

**Service To:   Michael David Holzknect**

**Service Request From: Peter Lynch, 3715 McBroom St., Sebastian, FL 32976**

**10/24/2022:**   Received voice message at 2:15 p.m. from Mr. Peter Lynch about service on Michael Holzknecht and to please return his call. Returned his call at 3:36 p.m. Mr. Lynch explained that he wanted another service attempt done on Mr. Holzknecht. It was approximately 100 pages so he would mail me the packet. I gave him my address for mailing.

**11/1/2022:**   I called Mr. Lynch at 2:26 p.m. and was leaving a voice message when he was attempting to return my call. I let him know that I did receive the packet. I reminded him that when Dena Carver attempted the prior service that she reported that there is a gate at his drive way so my only attempt in contacting Mr. Holzknecht would be by calling him. Mr. Lynch understood that and also mentioned if I could talk with the neighbor by Mr. Holzknecht's driveway to see if he would know Mr. Holzknecht's comings and goings. I explained that I was not a private investigator and only a process server. I agreed to talk to the neighbor. I placed the documents in a manila envelope, sealed it and wrote Mr. Holzknecht's name and address on the front.

At 2:54 p.m. I then called Mr. Holzknecht. I explained who I was and the situation and also Dena Carver's first contact with him. He said he noticed there was another filing and he was in touch with his attorney and was waiting to hear from him. I said I didn't know any of the particulars but since he was an attorney, I could surely get these papers to him. He said he does have an attorney representing him and would be hearing ack from him on Friday and would I call him back then? He also said he would hate for me to drive way out in the middle of nowhere to his house if I didn't need to. I told him I owned property at the lake at Pittsburg and was over there weekly so it would be no big deal for me to swing by his place. I told him I would call him back on Friday.

Received phone call back from Mr. Holzknecht at 3:02 p.m. He wanted to know if the paperwork I have was a First or Second Amended Petition because it should be a Second. I told him yes, it was a Second Amended Petition. He said ok, he would talk to me on Friday.

**11/2/2022:**   Received a text message at 9:12 a.m. from Mr. Holzknecht that he needed my email address so he could forward me his email from his attorney in reference to this case so I wouldn't have to make a trip to his house. I did receive the email, see attached.

At 1:09 p.m. I called Mr. Lynch to explain the text message and email I had received from Mr. Holzknecht and asked him if he had received the email from Marc Tepper and I read the email to him. Mr. Lynch wasn't sure as he was driving and asked if I would forward the email to him. I did forward the email.

Sent from my iPhone

Begin forwarded message:

> **From:** holzknecht@windstream.net
> **Date:** November 2, 2022 at 9:33:24 AM CDT
> **To:** debbiegibberson@gmail.com
> **Subject: Fwd: Lynch et al v. Bailey-Roka et al, case number 22-14338**
>
>
> Here's the email from my attorneys in Philadelphia, forwarded to me by General Counsel to the Supreme Court of the
> Virgin Islands, confirming that the pro se plaintiffs have been instructed NOT to serve me personally. Rather, my
> counsel will waive personal service once the pro se plaintiffs send him the forms.
> Debbie, thank you and Dena for your courtesies in this matter.
> I look forward to meeting you someday!
> Mike
>
> Sent from my iPhone

Exhibit B

Tepper, H. Marc <marc.tepper@bipc.com>

Tue 11/1/2022 9:48 PM

To: 'peterjameslynch@msn.com'; 'alisareichlz@gmail.com'

Cc: Dragovich, Alexandra M.

Good evening,

Please be advised I have been authorized as counsel for Tanisha Bailey-Roka and Michael Holzknecht to accept service of the Second Amended Verified Complaint in Lynch et al v. Bailey-Roka et al, case number 22-14338. Please do not serve Tanisha Bailey-Roka and/or Michael Holzknecht personally and email to me the waiver of service forms. I will complete the waiver of service forms and promptly return them to you by email.

If you have any questions, you may call me anytime at (215) 665-3864.

Regards, Attorney Marc Tepper

**Marc Tepper**
**Managing Shareholder – Philadelphia Office**

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3864 (o)
609 313 1188 (c)
marc.tepper@bipc.com

vCard | Bio | BIPC.com | Twitter | LinkedIn

**Buchanan Ingersoll & Rooney** PC

Exhibit C

## AFFIDAVIT OF NON-SERVICE
UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: 2:22-CV-14338-AMC

**Plaintiff: ALISA MARIE LYNCH ET AL.**
vs.
**Defendant: TANISHA BAILEY-ROKA ET AL.**

For:
Peter J. Lynch, Esq.
3715 McBroom Street
Sebastian, FL 32976

Received by Action Legal Process to be served on **Michael David Holzknecht, 17521 County Road 279, Hermitage, MO 65668.**

I, Darin McNeely, being duly sworn, depose and say that on the **25th day of November, 2022** at **10:24 am,** I:

**NON-SERVED** the **Summons - Holzknecht in his former Official Capacity;Summons, Holzknecht in his Individual Capacity;Order dated October 19, 2022;Second Amended Complaint andExhibits A through F thereto.** After due search, careful inquiry and diligent attempts was unable to serve on **Michael David Holzknecht** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
11/21/2022  6:05 pm  Attempted service at 17521 County Road 279, Hermitage, MO  65668, I went where I was directed by the resident of the above address. Down at the end of county road 146 where there is a gate. (pictures on file). The property with the gate is 0.06 miles from the above address given. I waited 40 minutes to see if anyone would arrive or leave from the property.
11/21/2022  5:19 pm  Attempted service at 17521 County Road 279, Hermitage, MO  65668, I spoke with the resident at this address ad he informed me the servee lives down county road 146 not the above address. pictures on file of the vehicles plates at the given address.  The directions given takes me to a locked gate as described to me by my office. I will stay on site to try and catch the servee coming or going
11/22/2022  3:36 pm  Attempted service at 17521 County Road 279, Hermitage, MO  65668 to locked gate at the end of county road 146. The gate is still locked.After comparing the photo of the lock taken on the first attempt, it appears to have not been moved. I stayed on site for 15 minutes without traffic coming or going
11/25/2022  10:24 am  Attempted service at 17521 County Road 279, Hermitage, MO  65668.In the 15 minutes I was at the locked gate, I did not observe any cars coming or going. The lock on the gate appears to be hanging in the same position as noted on previous attempts.

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the _30ᵗˢ_ day of _November_ , _2022_  by the affiant who is personally known to me by presenting photo identification.

_Kathleen C Point_
NOTARY PUBLIC .

STATE OF _Missouri_

COUNTY OF _Camden_

**KATHLENE A. POINTS**
Notary Public - Notary Seal
STATE OF MISSOURI
Camden County
Commission # 13479907
My Commission Expires: 11-17-2025

**Darin McNeely**

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2022027447



Exhibit D

**AD** Alexandra M. Dragovich <alexandra.dragovich@bipc.com>

Tue 11/22/2022 1:58 PM

To: peterjameslynch@msn.com; H. Marc Tepper

Cc: Alisa Lynch; 'pete@flaglawvi.com'

Pete,

We remain willing to accept service subject to the language stating that all arguments related to jurisdiction are expressly preserved.

Please advise whether you will prepare a revised Waiver of Service for our review, or whether you will proceed with serving our client personally.

Thank you,
Alex

**Alexandra M. Dragovich**
**Associate**

TRUIST Place
401 E. Jackson Street, Suite 2400
Tampa, FL 33602-5236
813 222 1109 (o)
alexandra.dragovich@bipc.com

Exhibit E



Exhibit F

**John R. Ashcroft Secretary of State**
**2022 ANNUAL REGISTRATION REPORT**
BUSINESS

| P00301638 |
| Date Filed: 3/25/2022 |
| John R. Ashcroft |
| Missouri Secretary of State |

**\*** SECTION 1, 3 & 4 ARE REQUIRED

| REPORT DUE BY:  **4/30/2022** |

RENEWAL MONTH:
JANUARY

☐ I OPT TO CHANGE THE CORPORATION'S RENEWAL MONTH TO  FOR A $25.00 FEE

P00301638
MICHAEL D. HOLZKNECHT, P.C.
PETER A. LEE
PO BOX 220
STOCKTON MO  65785

**1**  PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS: **\***

22336 Hill St                    (Required)

STREET
Pittsburg     MO          65724-7680
CITY / STATE          ZIP

**2** If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.
☐ The new registered agent
IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.
☐ The new registered office address
Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

**3**

**A** OFFICERS
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE).
MUST LIST PRESIDENT AND SECRETARY BELOW

*PRESIDENT*    Holzknecht, Michael D
STREET    22336 Hill St
CITY/STATE/ZIP    Pittsburg MO 65724-7680
*SECRETARY*    Holzknecht, Michael D
STREET    22336 Hill St
CITY/STATE/ZIP    Pittsburg MO 65724-7680

**B** BOARD OF DIRECTORS
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). **\***
MUST LIST AT LEAST ONE DIRECTOR BELOW

*NAME*    Holzknecht, Michael D
STREET    22336 Hill St
CITY/STATE/ZIP    Pittsburg MO 65724-7680 USA
*NAME*
STREET
CITY/STATE/ZIP
*NAME*
STREET
CITY/STATE/ZIP
*NAME*
STREET
CITY/STATE/ZIP

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

**4** The undersigned understands that false statements made in this report are punishable for the crime of making a false declaration under Section 575.060 RSMo. Photocopy or stamped signature not acceptable. **\***

| Authorized party or officer sign here |  Michael D. Holzknecht                    (Required) |

Please print name and title of signer:    Michael D. Holzknecht        /        President
NAME                        TITLE

REGISTRATION REPORT FEE IS:
__$20.00 If filed on or before 4/30/2022
__$35.00 If filed on or before 5/31/2022
__$50.00 If filed on or before 6/30/2022
__$65.00 If filed on or before 7/31/2022
ADD AN ADDITIONAL $25.00 FEE IF CHANGING THE RENEWAL MONTH.

WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE

E-MAIL ADDRESS (OPTIONAL):

**REQUIRED INFORMATION MUST BE COMPLETE OR THE REGISTRATION REPORT WILL BE REJECTED**
RETURN COMPLETED REGISTRATION REPORT AND PAYMENT TO: Secretary of State, P.O. Box 778, Jefferson City, MO 65102

Exhibit G

Home  »  For the Public  »  Official Directory of Lawyers

| | |
|---|---|
| **Full Name** | Holzknecht, Michael David |
| **Bar Number** | 33978 |
| **Date Admitted** | 09/15/1984 |
| **Location** | Pittsburg, MO 65724 United States |
| **Current Standing** | Good Standing |

### ** Two asterisks next to the lawyer's name indicates
### that the lawyer has been issued a certificate to practice law in this state
### temporarily pursuant to the rule 8.06

### *** Three asterisks next to a lawyer's name indicates
### that the lawyer is an out-of-state member, based on Rule 6.01.

Return to Official
Directory Search

Exhibit H

# RE: Revised proposed waivers of service / Lynch et al. v Bailey-Roka et al.

 **AD**

Alexandra M. Dragovich <alexandra.dragovich@bipc.com>

Sat 12/17/2022 12:00 PM

To: Peter Lynch; Marc Tepper

Cc: 'pete@flaglawvi.com'; Alisa Lynch

Mr. Lynch,

We have carefully reviewed all of your emails and can report we are authorized to do just as we said we would back on November 22, 2022. In other words, we remain willing to accept service subject to the language in the Waiver of Service stating that all arguments related to jurisdiction are expressly preserved. We understand you have expressly reserved your rights to make service on any defendant as the rules allow, irrespective of any waiver.

Thank you,
Alex

**Alexandra M. Dragovich**
**Associate**

TRUIST Place
401 E. Jackson Street, Suite 2400
Tampa, FL 33802-5236
813 222 1109 (o)