UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14338-CIV-CANNON

**PETER JAMES LYNCH**
and **ALISA MARIE LYNCH**,

    Plaintiffs,

v.

**TANISHA BAILEY-ROKA, et al.**,

    Defendants.
_____/

### ORDER ACCEPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 67]

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendants' Joint Motion to Dismiss the Case or Transfer Venue (the "Report") [ECF No. 67], issued on April 13, 2023. On February 8, 2023, Defendants filed a Joint Motion to Dismiss the Case or Transfer Venue (the "Motion") [ECF No. 46]. On April 13, 2023, following referral, Judge McCabe issued a Report recommending that the Motion be granted [ECF No. 67 pp. 1, 20–21]. Plaintiffs filed Objections to the Report [ECF No. 68], and Defendants filed a Response to Plaintiffs' Objections [ECF No. 69]. The Court has reviewed the Report [ECF No. 67], Plaintiffs' Objections [ECF No. 68], Defendants' Response to Plaintiff's Objections [ECF No. 69], and the full record. For the reasons set forth herein, the Report [ECF No. 67] is **ACCEPTED IN PART**; Defendants' Motion to Dismiss Case or Transfer Venue [ECF No. 46] is **GRANTED IN PART**. This case is hereby **TRANSFERRED** to the District Court of the Virgin Islands in accordance with 28 U.S.C § 1404(a).

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co*., 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

The Report recommends that the Court grant Defendants' Motion to Dismiss Case or Transfer Venue for three independent reasons [ECF No. 67 p. 20]. First, the Report recommends that the Court dismiss the case for lack of personal jurisdiction because "Plaintiffs cannot satisfy the first prong necessary for personal jurisdiction, i.e., Florida's long-arm statute does not authorize personal jurisdiction over Defendants" [ECF No. 67 p. 6]. Second, the Report recommends that the Court transfer the case to the District of the Virgin Islands due to improper venue, *see* 28 U.S.C. §§ 1391(b)(2), 1404(d), 1406(a) [ECF No. 67 pp. 11–14]. Third, the Report recommends that the Court grant in part and deny in part the Motion, dismissing certain counts based on common law doctrines of judicial and prosecutorial immunity [ECF No. 67 p. 16, 18–19].

Plaintiffs timely objected to the Report [ECF No. 68]. As to personal jurisdiction, Plaintiffs submit that the allegations in the Second Amended Complaint are sufficient to satisfy Florida's

2

long-arm statute under the tortious-act and solicitation-activities prongs of the statute, *see* Fla. Stat. § 48.193(1)(a)(2), (1)(a)(6)(a) [ECF No. 68 pp. 5–13]. With regard to proper venue, Plaintiffs do not object to the Report's conclusion that venue would be permissible in the United States Virgin Islands (the "Virgin Islands"), because "many of the actions alleged by Plaintiffs in this matter were committed by Defendants physically within the [Virgin Islands]" [ECF No. 68 p. 13 (citing 28 U.S.C. §1391(b)(2))]. Plaintiffs nevertheless submit that any transfer of this action should be to Missouri, not the Virgin Islands, because of what Plaintiffs describe as "built-in conflicts" between "Virgin Islands judges" and the Office of Disciplinary Counsel [ECF No. 68 p. 13].[1] Plaintiffs also reference health concerns suffered by Plaintiff Alisa Lynch that would make the Virgin Islands an inconvenient forum [ECF No. 68 p. 13]. Lastly, Plaintiffs challenge the Report's conclusion that Defendants are immune from some of the claims in the Second Amended Complaint due to common law doctrines of prosecutorial and judicial immunity [*see* ECF No. 68 pp. 14–17].

The Court has conducted a de novo review of the Report [ECF No. 67], Plaintiffs' Objections [ECF No. 68], Defendants' Response [ECF No. 69], and the full record in this case. Upon review of the foregoing materials, including Plaintiffs' Objections and the arguments therein, the Court agrees with the Report's analysis that venue is improper in the Southern District of Florida and that transfer to the Virgin Islands is warranted under 28 U.S.C. § 1406(a). Although the Court sees no error in the Report's recommendation concerning personal jurisdiction, the Court need not resolve that issue, or Plaintiff's related objections, before transferring a case due to

---

[1] The Office of Disciplinary Counsel is responsible for the daily operations of the disciplinary system and regulation of Virgin Islands Attorneys. Defendant Michael Holzknecht is the employee of the Office of Disciplinary Counsel for the Supreme Court of the Virgin Islands who handled the attorney grievance filed against Plaintiff Peter Lynch [ECF No. 13 ¶¶ 54–55, 110].

3

improper venue. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 464 (1962) (explaining that 28 U.S.C. § 1406(a) does not require a court to assess personal jurisdiction before transferring a case due to improper venue).[2]

The Southern District of Florida is an improper venue for this case because substantial events giving rise to Plaintiffs' claims took place outside this District. As explained in the Report, even though certain facts in this case occurred in Florida, those facts are "ancillary and not 'substantial' as required by 28 U.S.C. § 1391(b)(2)" [ECF No. 67 p. 13]. Given that venue is improper in this District, the question then is where to transfer this case. The Report correctly concludes, and Plaintiffs do not dispute, that venue is permissible in the District of the Virgin Islands [ECF No. 67 pp. 13–14; ECF No. 68 p. 13]. As correctly articulated in the Report, "[a]t its core, this case involves an attorney-client relationship with a Virgin Islands attorney and an alleged betrayal of that relationship in the Virgin Islands—all in effort to promote the filing of attorney grievances in the Virgin Islands" [ECF No. 67 p. 13]. Thus, a substantial portion of the facts giving rise to Plaintiffs' claims occurred in the Virgin Islands, as required by 28 U.S.C § 1391(b)(2). Moreover, the Court agrees with the Report that transfer to the Virgin Islands serves the interests of justice in accordance with 28 U.S.C. § 1404(a); all Defendants reside in or have substantial contacts in the Virgin Islands; Plaintiff Peter Lynch maintains a law practice in the Virgin Islands; and Plaintiff Alisa Lynch engaged counsel in the Virgin Islands [*see* ECF No. 67 pp. 13–14]. Plaintiffs' sweeping claims of judicial fairness and generalized concern about travel difficulties are not particularized and do not change the Court's analysis.

---

[2] Nor does the Court need to address the Report's third recommendation, or Plaintiff's objection related thereto, concerning doctrines of judicial and prosecutorial immunity [ECF No. 67 pp. 15–19; ECF No. 68 pp. 14–17]. Any arguments about the application of those doctrines in this case should be evaluated by the District Court of the Virgin Islands.

CASE NO. 22-14338-CIV-CANNON/McCabe

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 67] is **ACCEPTED IN PART**.

2. Defendants' Motion to Dismiss Case or Transfer Venue [ECF No. 46] is **GRANTED IN PART**.

3. Pursuant to 28 U.S.C. §§ 1404(a), 1406(a), the above-captioned matter, Case No. 2:22-cv-14338, shall be **TRANSFERRED** to the District Court of the Virgin Islands for all purposes, including trial.

4. The Clerk is direct to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of June 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record